UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>    Plaintiff,<br><br>    v.<br><br>HEDY HOLMES STAFFING SERV., et al.,<br><br>    Defendants. | No. 13-cv-00117-MCE-AC<br><br>**ORDER** |

    The Court is in receipt of pro se Plaintiff William J. Whitsitt's ("Plaintiff") motion to re-open this case, ECF No. 8. For the following reasons, that Motion is GRANTED.

    Plaintiff initiated this action in January 2013, alleging claims for age discrimination and retaliation against various defendants. Compl., ECF No. 1. The Court subsequently found that Plaintiff had stated a cognizable claim for relief against several parties and ordered that Plaintiff complete and return to the United States Marshal's Office, within thirty days, the USM-285 forms required to effect service. See Order, May 5, 2013, ECF No. 3 at 2. The Court also informed Plaintiff that failure to comply with its Order might result in a recommendation that this action be dismissed. See id. at 3.

    Plaintiff nonetheless failed to submit the required documents, and on June 14, 2013, the magistrate judge recommended that the action be dismissed without prejudice. Findings and Recommendation ("F&R"), ECF No. 4. The F&R contained notice to

Plaintiff that any objections were to be filed within fourteen days. Id. at 1-2. On June 26, 2013, that F&R was returned to the Court as undeliverable. This Court thereafter dismissed this action without prejudice, noting that no objections were filed despite Plaintiff having been properly served. See Order, ECF No. 5. That Order was also returned as undeliverable.

Eventually, on September 6, 2013, the Court received a Notice of Change of Address from Plaintiff. ECF No. 7. A few days later, the Court re-served its August 6, 2013, Order on Plaintiff, after which Plaintiff filed his instant motion to re-open.

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id.

Rule 60(b) is "remedial in nature . . . and must be liberally applied." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir.2001) (citation omitted). "[W]here there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." Id. at 696 (emphasis in original). While "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b) (1)," application of Rule 60(b)(1)'s excusable neglect standard is ultimately committed to the discretion of the district courts. Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992); see Kendrick v. Pina, 1:08-CV-1055-RCC, 2013 WL 2102685, at *2 (E.D. Cal. May 14, 2013).

In seeking to re-open his case, Plaintiff avers that he believes he filed a Notice of Change of Address with the Court on February 1, 2013, indicating that he was destitute and living in a homeless shelter. Mot., ECF No. 8 at 2. If Plaintiff did not actually do so, he further contends it was due to inadvertence and his severe economic hardship, which caused him to move multiple times. Id. at 2-4.

Regardless, it is the responsibility of each party to keep the court apprised of his or her address of record at all times. Pursuant to Local Rule 182(f), each pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the pro se party. Absent such notice, service of documents at the prior address of the pro se party shall be considered fully effective. Therefore, the Court's service of the F&R, ECF No. 4, and service of the Order adopting the F&R, ECF No. 5, was proper. Nevertheless, in light of Plaintiff's prior homelessness and representations of severe economic hardship, the Court now re-opens this case. There has been no decision on the merits in this matter, and, under the circumstances, the interest in reaching the merits outweighs any interest in the finality of the judgment. However, Plaintiff is admonished that should he fail to notify the Clerk of Court and all other parties of any future changes of address or fail to comply with this and any subsequent Court orders, the Court will dismiss this action and Plaintiff will be unable to re-open the matter a second time.

Therefore, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Relief from Judgment, ECF No. 8, is GRANTED;

2. The Clerk of the Court is ordered to RE-OPEN this matter;

3. The Clerk of the Court is directed to issue process and to send Plaintiff an instruction sheet for service of process by the United States Marshal, five (5) USM-285 forms, one (1) summons form, and an endorsed copy of Plaintiff's Complaint, ECF No. 1, filed January 22, 2013;

4. Within <u>thirty (30) days</u> after this order is served, Plaintiff shall submit to the United States Marshal properly completed USM-285 forms, a properly completed

summons form, and the number of copies of the endorsed Complaint and of this Order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030);

5. Within <u>ten (10) days</u> after submitting the required materials to the United States Marshals Service, Plaintiff shall file with this Court a declaration stating the date on which he submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions, including the dismissal of this action;

6. Within thirty (30) days after receiving the necessary materials from Plaintiff, the United States Marshal is directed to serve process on Defendant without prepayment of costs;

7. The Clerk of the Court is directed to serve a copy of this Order on the United States Marshal; and

8. Failure to keep the Court apprised of Plaintiff's address of record <u>at all times</u> or failure to comply with this Order will result in this action being dismissed and Plaintiff will be unable to re-open the matter a second time.

IT IS SO ORDERED.

Dated:  March 28, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT