UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

          Plaintiff,

    v.

HEDY HOLMES STAFFING SERVS., ET AL.,

          Defendants.

No.  2:13-cv-0117-MCE-AC

FINDINGS & RECOMMENDATIONS

On September 24, 2014, the court held a hearing on the motion to dismiss of defendants San Joaquin County WorkNet ("WorkNet") and Mark Sansone. Plaintiff William J. Whitsitt appeared in pro per. Gilberto Gutierrez appeared for defendants WorkNet and Sansone. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1.    Factual Allegations

On March 28, 2012, defendant Modular Mobile hired plaintiff for a temporary position in

////

////

1

1  Livermore, California.  ECF No. 1 at 2.[1]  Plaintiff was told that this was a long term temporary to

2  hire assignment.  Id. at 2–3.  On March 30, 2012, defendant Kathleen (last name unknown), an

3  employee of defendant Hedy Holmes Staffing Services' ("Hedy Holmes"), called plaintiff to

4  inform him that he was being let go from his temporary assignment.  Id. at 3.  On March 29,

5  2012, Modular Mobile hired three considerably younger and less experienced applicants to fill

6  plaintiff's position.  Id.  These applicants were referred to Modular Mobile by WorkNet.  Id.

7  Plaintiff claims that Modular Mobile terminated him (1) because of his age, and (2) in retaliation

8  for age discrimination claims he has filed against other former employers.  Id.

9      Plaintiff also alleges that he spoke to an employee application "screener" for WorkNet,

10  Mr. Sansone, at an unspecified time.  Id. at 12–13.  During some of those conversations Mr.

11  Sansone made statements including: "why do you want to know more information about this

12  employer, are you going to sue that employer also?," "you just have a sue mentality William,"

13  and "you cannot sue everyone William."  Id. at 13.  Plaintiff alleges that Mr. Sansone screened

14  every application he filed with WorkNet and in doing so discriminated against him based on age

15  and his history of lawsuits against former employers.  Id.

16  On April 19, 2012, Hedy Holmes' president and chief officer called plaintiff in response several

17  "notices of discrimination" plaintiff had mailed to Hedy Holmes directly.  Id.  During that

18  conversation Hedy Holmes' president assured plaintiff that they had not discriminated against

19  him in any way, and promised he would be re-hired by Modular Mobile once a position opened

20  up.  Id.  Hedy Holmes' president also assured plaintiff that in the future he would be considered

21  for all open positions without regard to his age.  Id.  On July 11, 2012, plaintiff spoke to

22  Kathleen, who told him that Modular Mobile would be hiring approximately 15 to 20 applicants.

23  Id. at 3–4.  Kathleen told plaintiff that she would put plaintiff down as eligible for work for a

24  position at Modular Mobile.  Id. at 4.  On July 12, 2012, plaintiff again spoke to Kathleen about

25  the position and she again told plaintiff that he was on the eligible for work list.  Id.  On July 16,

26  2012, plaintiff called Hedy Holmes again, and was told by Kathleen that the positions had all

27

28  [1] Page numbers reflect the pagination used in the court's electronic filing system.

2

1   been filled.  Id.

2      Plaintiff claims that defendants have engaged in a conspiracy to deny him employment

3   opportunities because of his age and history of filing discrimination claims against former

4   employers and seeks $17,500,000 in damages.  Id. at 24.

5   2.      Procedural Background

6      On January 22, 2013, plaintiff filed a complaint for violation of the ADEA, civil

7   conspiracy, employment retaliation/blacklisting,[2] and intentional infliction of emotional distress

8   ("IIED") against defendants.  ECF No. 1.  Plaintiff contends that his ADEA claim confers subject

9   matter jurisdiction upon the court by creating a federal question under 28 U.S.C. § 1331.  Id. at 2.

10  Plaintiff also filed an application to proceed in forma pauperis on January 22, 2013, which the

11  court granted on May 6, 2013.  ECF No. 2, 3.

12  On June 14, 2013, the court issued findings and recommendations recommending that the actions

13  be dismissed for failure to timely return documents requested to effect service on defendants.

14  ECF No. 4.  Those findings and recommendations were adopted by the district court in full on

15  August 6, 2013.  ECF No. 5.  On September 6, 2013, the court received a notice of change of

16  address from plaintiff.  ECF No. 7.  On February 7, 2014, plaintiff filed a motion for relief from

17  judgment, which was granted by the district court on March 28, 2014.  ECF No. 8, 9.  On June 20,

18  2014, WorkNet and Sansone (collectively, "WorkNet") filed a motion to dismiss, arguing that (1)

19  Mr. Sansone is not liable for violations of the ADEA because the ADEA only applies to

20  employers, not individuals; and (2) plaintiff has failed to state a claim for violation of the ADEA

21  because he does not allege that he timely filed a complaint with either the Equal Employment

22  Opportunity Commission ("EEOC") or the Department of Fair Employment and Housing

23  ("DFEH").  ECF No. 16-1 at 9–12.  With regards to plaintiff's state law claims, WorkNet argues

24  that plaintiff has failed to allege facts stating a plausible claim for relief.  Id. at 13–15.

25

26  [2] It is unclear based on plaintiff's complaint whether his employment retaliation/blacklisting
    claim is, in fact, a separate claim or simply a part of his ADEA claim.  The court has determined
27  that plaintiff did not intend to file a separate claim for retaliation based on the fact that plaintiff
    alleges he was retaliated against for filing ADEA claims.  ECF No. 1 at 8–10.  Plaintiff may
28  clarify this on amendment.

1   On September 2, 2014, plaintiff filed his opposition to WorkNet's motion to dismiss.

2   ECF No. 27.  On September 3, 2014, WorkNet filed its reply.  ECF No. 28.  On September 15,

3   2014, plaintiff filed a sur-reply without the permission of the court.  ECF No. 30.[3]

4   LEGAL STANDARDS

5   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

6   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

7   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

8   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

9   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

10  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus,

11  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

12  plaintiff's claims, even if the plaintiff's allegations are true.

13  In determining whether a complaint states a claim on which relief may be granted, the

14  court accepts as true the allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

17  The court may consider facts established by exhibits attached to the complaint.  Durning

18  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

19  which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

20  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

21  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

22  court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

23  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

24  ////

25  ////

26
27
28

[3] A non-moving party may file one opposition to a motion to dismiss as a matter of right, but must obtain the permission of the court for any further opposition.  Plaintiff did not obtain the court's permission to file a sur-reply, therefore the court will not address the arguments presented in that filing.  The court notes, however, that the additional arguments do not change the analysis.

1

DISCUSSION

2

A.      Age Discrimination in Employment Act

3

      i.      Individual Defendants

4

          a.      Mark Sansone

5

      WorkNet argues that plaintiff has failed to state a claim under the ADEA against Mr.

6

Sansone because individual employees and agents cannot be found liable for ADEA violations.

7

"'[The] ADEA limits liability to employers with twenty or more employees, 29 U.S.C. § 630(b),

8

in part because Congress did not want to burden small entities with the costs associated with

9

litigating discrimination claims.'"  Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir.

10

1993).  In light of Congress' decision to protect small businesses from liability, the Ninth Circuit

11

has held that "it is inconceivable that Congress intended to allow civil liability to run against

12

individual employees."  Id.  (citation omitted).

13

      Plaintiff argues that Mr. Sansone can be found liable for violating the ADEA because

14

during his interactions with plaintiff he was acting as an employer.  Id. at 9–10.  As support for

15

this proposition, plaintiff cites the California Fair Employment and Housing Act ("FEHA"),

16

which defines employer, in relevant part, as "any person regularly employing five or more

17

persons, or any person acting as an agent of an employer."  Cal. Gov't Code § 12926(d).  Plaintiff

18

argues that because Mr. Sansone acted as WorkNet's agent, he qualifies as an employer under

19

FEHA and therefore may be sued as an individual for violating the ADEA.  Id.

20

      Whether or not plaintiff reads FEHA correctly, individual liability under the ADEA is

21

determined exclusively by that statute.  The Ninth Circuit has unequivocally stated that liability

22

under the ADEA does not extend to individuals.  Miller, 991 F.2d at 587.  Accordingly, the court

23

finds that plaintiff has failed to state a claim against Mr. Sansone for violation of the ADEA.  No

24

such claim can be stated.  Accordingly, dismissal should be with prejudice.

25

          b.      "Kathleen"

26

      Although Kathleen is not a party to WorkNet's motion to dismiss, the above discussion

27

regarding individual defendant Sansone apply equally to this defendant.  Because plaintiff

28

proceeds in forma pauperis, his complaint is subject to *sua sponte* review and must be dismissed

5

1    at any time if it "fails to state a claim on which relief may be granted."  28 U.S.C. §

2    1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only

3    permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a

4    claim.").  The court will sua sponte recommend dismissal with prejudice of plaintiff's ADEA

5    claims against "Kathleen," because individuals cannot be sued under that statute.  Miller, 991

6    F.2d at 587.

7            ii.      Defendant WorkNet

8            WorkNet contends that plaintiff has failed to state a claim against it because plaintiff does

9    not allege that WorkNet is an employer.  The ADEA imposes liability for age discrimination

10   upon "employers," "employment agencies," and "labor organizations."  29 U.S.C. § 623(a)–(c).

11   An employer is defined as a "person engaged in an industry affecting commerce who has twenty

12   or more employees for each working day in each of twenty or more calendar weeks in the current

13   or preceding calendar year."  Id. § 630(a).  An employment agency is "any person regularly

14   undertaking with or without compensation to procure employees for an employer and includes an

15   agent of such a person."  Id. § 630(b).  Plaintiff alleges that WorkNet, a county-run employment

16   and economic development program, "screened" plaintiff for employment but does not allege

17   facts that demonstrate it is either an employer or an employment agency.  See, e.g., ECF No. 1 at

18   13–14.[4]  Without such facts, the complaint does not state a claim against WorkNet for which

19   relief could be granted.

20           As the court stated at its September 24, 2014, hearing, if plaintiff wishes to amend his

21   claims against WorkNet he must explain in plain and concise language what "screening" entails

22   that brings WorkNet within the statutory definition of "employer" or "employment agency."  See

23   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

24           iii.     Failure to Exhaust Administrative Remedies

25           WorkNet also argues that plaintiff's claim for violation of the ADEA should be dismissed

26

27   [4] At hearing on the motion, plaintiff informed the court that he was technically an employee of
     Hedy Holmes Staffing Services when initially placed with Modular Mobile.  Plaintiff indicated
28   his intention to abandon claims against Modular Mobil, which has not been served.

1    because the complaint fails to allege exhaustion of administrative remedies.  A plaintiff may not

2    file an ADEA claim until 60 days after the filing of an EEOC complaint.  29 U.S.C. § 626(d); 29

3    C.F.R. § 1626.7(a).  This waiting period gives the EEOC the opportunity to decide if it will

4    pursue the claim, terminating the plaintiff's private right of action.  29 U.S.C. § 626(c)(1).

5    Because California is a deferral state under 29 C.F.R. § 1626.10(c), the filing of an ADEA

6    complaint with the California DFEH is also deemed a filing with the EEOC.  McConnell v. Gen.

7    Tel. Co. of Cal., 814 F.2d 1311, 1316 (9th Cir. 1987).

8         Where employees are statutorily required to file an EEOC complaint before bringing suit,

9    substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite.[5]

10   See Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (Title VII); Leong v. Potter,

11   347 F.3d 1117, 1122 (9th Cir. 2003) (Rehabilitation Act); Gibson v. Wash. State Univ., 2013 U.S.

12   Dist. LEXIS 392 at *10 (E.D. Wash. 2013) (ADEA); Whitsitt v. Vinotheque Wine Cellars, 2007

13   U.S. Dist. LEXIS 59997 at *3 (E.D. Cal. 2007) (ADEA); Davis v. Potter, 2005 U.S. Dist. LEXIS

14   49040 at *5-6 (N.D. Cal. 2005) (ADEA).  "If a plaintiff never brings the complaint to the

15   appropriate administrative agency, the district court lacks jurisdiction to hear the case."  See

16   Blank v. Donovan, 780 F.2d 808, 809 (9th Cir. 1986).  The scope of the EEOC complaint

17   determines the permissible scope of the claims that may be presented in district court.  Leong,

18   347 F.3d at 1122.

19   Plaintiff's complaint does not allege that he filed a claim at all, let alone against whom and about

20   what.  Instead, he erroneously argues that the law does not require him to file an EEOC

21   complaint.  ECF No. 1 at 2.  Although plaintiff does attach a right to sue letter to his opposition,

22   ECF No. 27 at Ex. B1, he does not attach the underlying EEOC discrimination charge.  The right

23   to sue letter indicates that a copy was sent to "Hedy Holmes Staffing Services," id., but does not

24   reference WorkNet.  Accordingly, the court cannot determine whether there has been substantial

25   compliance with the administrative exhaustion requirement as to WorkNet.  The motion to

26   ───────────────
27   [5] The requirement that a claimant wait 60 days after the filing of an EEOC complaint is not,
     however, a jurisdictional one.  Forester v. Chertoff, 500 F.3d 920, 928 (9th Cir. 2007).  Rather,
     like the statute of limitations, it is subject to equitable considerations such as waiver, estoppel,
28   and equitable tolling.  Id.

1  dismiss on this basis therefore should be granted, but plaintiff should be provided leave to amend.

2  As the court explained at hearing on the motion, if plaintiff has filed a charge with the

3  EEOC against WorkNet, Modular Mobile, and/or Hedy Holmes, he must allege the facts relevant

4  to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who

5  it was against.  The charge itself should be attached as an exhibit if possible.  If plaintiff does not

6  allege such facts the court cannot find that plaintiff has exhausted his administrative remedies.

7  Failure to have substantially complied with the exhaustion requirement deprives this court of

8  jurisdiction over the ADEA claim(s).

9  B.      State Law Claims

10  The moving defendants also challenge the sufficiency of plaintiff's state law claims for

11  civil conspiracy and intentional infliction of emotional distress (IIED).

12  Plaintiff has not alleged facts sufficient to state a claim against WorkNet or Mr. Sansone

13  for civil conspiracy.  To state a cause of action for civil conspiracy, plaintiff must allege facts

14  showing (1) the formation and operation of a conspiracy, (2) wrongful conduct in furtherance of

15  the conspiracy, and (3) damages arising from the wrongful conduct."  Kidron v. Movie

16  Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995).  Although plaintiff claims that WorkNet

17  and Mr. Sansone were involved in a conspiracy with the other defendants to discriminate and

18  retaliate against him, he does not allege facts that support this claim.  For example, he does not

19  specify facts demonstrating the existence of an actual agreement between defendants, and what

20  the substance of that agreement was.  The court need not assume the truth of legal conclusions

21  "cast in the form of factual allegations."  Western Mining Council, 643 F.2d at 624.  Accordingly,

22  the court finds that plaintiff has not stated a claim of civil conspiracy.

23  Plaintiff has also not alleged facts sufficient to state a claim for IIED.  To state a claim for

24  IIED a complaint must allege facts showing "(1) extreme and outrageous conduct by the

25  defendant with the intention of causing, or reckless disregard of the probability of causing,

26  emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the

27  plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct."

28  Cochran v. Cochran, 76 Cal. Rptr. 2d 540, 543 (1998).  In order for the defendant's conduct to

8

1   qualify as "extreme and outrageous" it generally "must be so extreme as to exceed all bounds of

2   that usually tolerated in a civilized community." Id. (citing KOVR-TV, Inc. v. Superior Court, 37

3   Cal. Rptr. 2d 431, 433 (1995)).  Further, "the plaintiff must allege with 'great[ ] specificity' the

4   acts which he or she believes are so extreme as to exceed all bounds of that usually tolerated in a

5   civilized community." Vasquez v. Franklin Mgmt. Real Estate Fund, Inc., 166 Cal. Rptr. 3d 242,

6   252 (2013) (citing Schlauch v. Hartford Accident & Indem. Co., 194 Cal. Rptr. 658, 665 (1983)).

7   Plaintiff does not specifically allege what extreme and outrageous conduct WorkNet and Mr.

8   Sansone engaged in that caused him extreme emotional distress.  Instead, he alleges that he has

9   experienced extreme emotional distress due to his living conditions and inability to find work.

10  See ECF No. 1 at 23–24.  Accordingly, the court finds that plaintiff has not alleged facts

11  sufficient to state a claim for IIED.

12  C.      Remaining Defendants and Claims

13          The court's observations regarding the deficiencies of the complaint apply equally to

14  plaintiff's claims against the non-moving defendants.  Pursuant to 28 U.S.C. § 1915(e), the court

15  now finds that the complaint's failure to demonstrate administrative exhaustion subjects

16  plaintiff's ADEA claims against all putative employer and/or employment agency defendants to

17  dismissal.  Moreover, for the same reasons explained above as to WorkNet, plaintiff's state law

18  claims against Hedy Holmes and Modular Mobile are insufficient to support relief.  Accordingly,

19  the undersigned recommends dismissal of the complaint as a whole, with leave to amend as to

20  claims other than the ADEA claims against individual defendants.

21          If plaintiff decides to file an amended complaint, he must allege facts that demonstrate the

22  remaining defendants are entities to which the ADEA applies.  Plaintiff must also allege that he

23  has filed a claim with either the EEOC or the DFEH concerning the alleged discriminatory or

24  retaliatory conduct of *each* defendant.  Finally, plaintiff must include in his amended complaint

25  facts supporting each element of his causes of action as outlined above.  If plaintiff does not

26  intend to proceed against Modular Mobile, he should drop that defendant from the complaint.

27          If plaintiff intends to state a claim for retaliation under the ADEA, he must plead facts that

28  establish three things: first, that plaintiff engaged in statutorily protected activity; second, that he

1    was discharged or suffered some other adverse employment decision; and third, that there is a

2    causal connection between the two.  See O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d

3    756, 763 (9th Cir. 1996).  A causal connection requires, among other things, that the person(s)

4    who took the adverse actions knew about the previous protected activity.  See Cohen v. Fred

5    Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982).

6         Finally, the court notes that plaintiff's complaint is 26 pages long, primarily single spaced,

7    and printed in a small font that makes it difficult to read.  The allegations are repetitive, and the

8    complaint includes narrative about irrelevant past events, statements of religious belief, and other

9    surplusage.  If plaintiff chooses to amend, he must comply with Rule 8(a)(2) of the Federal Rules

10   of Civil Procedure, which requires "a short and plain statement" of the grounds for relief.   Each

11   allegation must be "simple, concise and direct."  Rule 8(d); see also McHenry v. Renne, 84 F.3d

12   1172, 1177 (9th Cir. 1996).  Narrative, story-telling and repetition should be avoided.  Id.

13   Moreover, plaintiff is advised to limit any amended complaint to 25 pages, to use a font no

14   smaller than 12 point Times New Roman, and to double space the document except for any block

15   quotations.

16                                          CONCLUSION

17        For all the reasons explained above, IT IS HEREBY RECOMMENDED that:

18        1.  WorkNet's June 20, 2014, motion to dismiss (ECF No. 16) be granted as follows:

19             a.  Plaintiff's claim(s) against defendant Mark Sansone under the ADEA be

20             dismissed with prejudice;

21             b.  Plaintiff's claims against WorkNet and non-ADEA claims against Sansome be

22             dismissed with leave to amend;

23        2.  Plaintiff's claim(s) under the ADEA against "Kathleen" be dismissed *sua sponte*

24        pursuant to 28 U.S.C. 1915(e), with prejudice; and

25        3.  Plaintiff's remaining claims against the non-moving defendants be dismissed *sua*

26        *sponte* pursuant to 28 U.S.C. 1915(e), with leave to amend.

27        These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

1    after being served with these findings and recommendations, any party may file written

2    objections with the court and serve a copy on all parties.  Such a document should be captioned

3    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4    shall be served and filed within fourteen days after service of the objections.  The parties are

5    advised that failure to file objections within the specified time may waive the right to appeal the

6    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7    DATED: October 6, 2014

8                                                ALLISON CLAIRE

9                                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28