|  |  |
|---|---|
| WILLIAM J. WHITSITT, | No. 2:13-cv-00117-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| HEDY HOLMES STAFFING SERVICES, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently before the court is plaintiff's motion to continue the hearing set for defendants' motion to dismiss. ECF No. 47.

On March 27, 2015, defendants filed a motion to dismiss plaintiff's FAC, with a hearing scheduled for May 20, 2015. ECF No. 43. On May 14, 2015, the court continued the hearing via minute order to June 10, 2015, because plaintiff had failed to file a timely opposition or notice of non-opposition in violation of Local Rule 230(c). ECF No. 45. The court also warned plaintiff that a second failure to comply with Local Rule 230(c) would result in the issuance of an order to show cause for failure to prosecute. Id. The court continued its hearing again to June 17, 2015, four days later. ECF No. 46. Plaintiff again failed to file a timely opposition, and on June 11, 2015, the court issued an order to show cause for failure to prosecute. ECF No. 48.

1 Unbeknownst to the court however, plaintiff had filed a motion for a thirty (30) day
2 continuance of the hearing on defendants' motion to dismiss on June 10, 2015.  ECF No. 47.
3 Plaintiff's motion explains that he never received notice of defendants' motion to dismiss because
4 he was away from home taking care of a friend who was diagnosed with cancer.  Id.  Apparently,
5 plaintiff left to take care of his friend on the morning that defendants' motion to dismiss was
6 delivered to his home.  Id.  Although he asked one of his roommates to keep an eye on his mail
7 for him while he was gone, another roommate happened to picked up the mail that day.  Id.  That
8 roommate put defendants' motion in a pile, where it stayed until plaintiff returned home on June
9 5, 2015.  Id.

10 The court will grant plaintiff's motion in light of his pro se status.  However, the court
11 also warns plaintiff that he has a duty to diligently keep track of this matter and adhere to
12 deadlines.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing
13 Fed. R. Civ. P. 16(b)).  That duty requires that he keep track of his mail.  In addition, the court
14 will be reluctant to grant any further requests to continue the hearing on defendants' motion to
15 dismiss.  This matter has been ongoing since January 22, 2013; plaintiff has obtained a release
16 from judgment that was secured because he had failed to comply with a court order, as well as
17 multiple extensions of time.  While the court understands that plaintiff's pro se status and living
18 situation may make adhering to deadlines difficult, he can only ignore court orders and fail to
19 adhere to deadlines so many times before his requests for extensions look like they are being
20 taken in bad faith.  See Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993)
21 ("'[D]isobedient conduct not shown to be outside the control of the litigant; is all that is required
22 to demonstrate willfulness, bad faith, or fault.")

23 In accordance with the foregoing and for good cause shown, THE COURT HEREBY
24 ORDERS that:
25     1. Its June 6, 2015, order to show cause, ECF No. 48, is DISCHARGED; and
26     2. Plaintiff's motion for an extension of time, ECF No. 47, is GRANTED.
27     3. Defendants' motion to dismiss, ECF No. 43, is hereby scheduled for hearing in front
28          of the undersigned on July 15, 2015, at 10:00 a.m. in Courtroom No. 26.  Plaintiff

1  must file an opposition or notice of non-opposition by July 1, 2015, in accordance
2  with Local Rule 230.  If plaintiff once again neglects to do so the court will issue
3  findings and recommendations recommending that his case be dismissed.
4  DATED:  June 18, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE