UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>                    Plaintiff,<br><br>        v.<br><br>HEDY HOLMES STAFFING SERVICES, et al.,<br><br>                    Defendants. | No. 2:13-cv-00117-MCE-AC<br><br>FINDINGS & RECOMMENDATIONS |

On July 29, 2015, the court held a hearing on defendants' motion to dismiss. Plaintiff William J. Whitsitt appeared in pro per and Gil Gutierrez appeared on behalf of defendants. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

On January 22, 2013, plaintiff filed a complaint for violation of the Age Discrimination in Employment Act ("ADEA"), civil conspiracy, employment retaliation/blacklisting, and intentional infliction of emotional distress against defendants Hedy Holmes Staffing Services, Kathleen, Hedy Holmes, Modular Mobile, Mike Sansone (erroneously sued as "Mike Sansome"), and San Joaquin County WorkNet ("WorkNet"). ECF No. 1. Plaintiff also filed an application to

1

proceed in forma pauperis on January 22, 2013, which the court granted on May 6, 2013.  ECF No. 2, 3.

On June 14, 2013, the court issued findings and recommendations recommending that this action be dismissed for failure to timely return documents requested to effect service on defendants.  ECF No. 4.  Those findings and recommendations were adopted by the district court in full on August 6, 2013.  ECF No. 5.  On September 6, 2013, the court received a notice of change of address from plaintiff.  ECF No. 7.  On February 7, 2014, plaintiff filed a motion for relief from judgment, which was granted by the district court on March 28, 2014.  ECF No. 8, 9. On June 20, 2014, defendants WorkNet and Sansone (collectively "the County Defendants") filed a motion to dismiss, which the court granted on December 5, 2014.  ECF No. 36.  Pursuant to the court's order, plaintiff's ADEA claims against Kathleen and Sansone were dismissed with prejudice, his claims against WorkNet and non-ADEA claims against Sansone were dismissed with leave to amend, and his remaining claims against the non-moving defendants were dismissed with leave to amend.  Id.

On March 10, 2015, after the court granted him two extensions of time, plaintiff filed his first amended complaint ("FAC" or "amended complaint"), asserting the same claims against every defendant named in his original complaint except for Sansone, who is not named as a defendant.[1]  ECF No. 42. On March 27, 2015, the County Defendants filed a motion to dismiss plaintiff's FAC scheduled for hearing on May 20, 2015, arguing that it (1) fails to allege or establish the required exhaustion of administrative remedies; (2) fails to allege and cannot establish that WorkNet is an employer liable for violations of the ADEA; and (3) fails to allege facts sufficient to state claims for violation of state and federal law, including the Fair Employment and Housing Act ("FEHA"), and common law causes of action.  ECF No. 43.  On May 14, 2015, the court continued the hearing date to June 10, 2015, because plaintiff failed to file a timely opposition.  ECF No. 45.  The court then continued the hearing date a second time to

---

[1] For clarity's sake, the court will refer to anything on the docket filed on behalf of WorkNet and Sansone as being filed by "the County Defendants," even though Sansone is no longer a defendant.

June 17, 2015, for scheduling reasons. ECF No. 46. Plaintiff then filed a motion for a thirty (30) day extension of time on June 10, 2015, a day before the court issued an order to show cause for failure to prosecute. ECF Nos. 47, 48. The court discharged its order to show cause on June 18, 2015, and scheduled the hearing on the County Defendants' motion to dismiss for July 15, 2015. ECF No. 49. That hearing date was continued to July 29, 2015, at the request of counsel for the County Defendants. ECF No. 50.

Finally, on July 6, 2015, plaintiff filed an opposition to the County Defendants' motion. ECF No. 52. The County Defendants filed a reply on July 13, 2015. ECF No. 54. On July 24, 2015, plaintiff filed a response to the County Defendants' reply. ECF No. 55. The court construes this a sur-reply not authorized by Local Rule 230. Nevertheless, the court will consider its contents, as it includes some facts relevant to the County Defendants' motion.

## FACTUAL BACKGROUND

The factual allegations in plaintiff's FAC are unchanged from his original complaint. Accordingly, citation to the court's previous October 7, 2014, findings and recommendations is appropriate:

> On March 28, 2012, defendant Modular Mobile hired plaintiff for a temporary position in Livermore, California. Plaintiff was told that this was a long term temporary to hire assignment. On March 30, 2012, defendant Kathleen (last name unknown), an employee of defendant Hedy Holmes Staffing Services' ("Hedy Holmes"), called plaintiff to inform him that he was being let go from his temporary assignment. On March 29, 2012, Modular Mobile hired three considerably younger and less experienced applicants to fill plaintiff's position. These applicants were referred to Modular Mobile by WorkNet. Plaintiff claims that Modular Mobile terminated him (1) because of his age, and (2) in retaliation for age discrimination claims he has filed against other former employers.
>
> Plaintiff also alleges that he spoke to an employee application "screener" for WorkNet, Mr. Sansone, at an unspecified time. During some of those conversations Mr. Sansone made statements including: "why do you want to know more information about this employer, are you going to sue that employer also?," "you just have a sue mentality William," and "you cannot sue everyone William." Plaintiff alleges that Mr. Sansone screened every application he filed with WorkNet and in doing so discriminated against him based on age and his history of lawsuits against former employers.

3

    On April 19, 2012, Hedy Holmes' president and chief officer called plaintiff in response several "notices of discrimination" plaintiff had mailed to Hedy Holmes directly. During that conversation Hedy Holmes' president assured plaintiff that they had not discriminated against him in any way, and promised he would be re-hired by Modular Mobile once a position opened up. Hedy Holmes' president also assured plaintiff that in the future he would be considered for all open positions without regard to his age. On July 11, 2012, plaintiff spoke to Kathleen, who told him that Modular Mobile would be hiring approximately 15 to 20 applicants. Kathleen told plaintiff that she would put plaintiff down as eligible for work for a position at Modular Mobile. On July 12, 2012, plaintiff again spoke to Kathleen about the position and she again told plaintiff that he was on the eligible for work list. On July 16, 2012, plaintiff called Hedy Holmes again, and was told by Kathleen that the positions had all been filled.

    Plaintiff claims that defendants have engaged in a conspiracy to deny him employment opportunities because of his age and history of filing discrimination claims against former employers and seeks $17,500,000 in damages.

ECF No. 33 at 1–3 (citations omitted).

## LEGAL STANDARDS

I. Failure to State a Claim

  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

  In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

  The court may consider facts established by exhibits attached to the complaint. Durning

4

v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

DISCUSSION

I.  Age Discrimination in Employment Act ("ADEA")

Plaintiff's claim for violation of the ADEA against WorkNet should be dismissed without leave to amend because he has, once again, failed to allege that WorkNet is an employer or employment agency.  The ADEA imposes liability for age discrimination upon "employers," "employment agencies," and "labor organizations." 29 U.S.C. § 623(a)–(c).  An employer is defined as a "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  Id. § 630(a).  An employment agency is "any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person."  Id. § 630(b).  The court warned plaintiff in its October 7, 2014, findings and recommendations that he must show defendants are employers or employment agencies to state a claim for violation of the ADEA.  Plaintiff, however, continues to allege that WorkNet "screened" plaintiff for employment without alleging that it is either an employer or an employment agency.  See ECF No. 42 at 13–14.  Accordingly, plaintiff has failed to state an ADEA claim against WorkNet because he does not allege that it is an entity to which the ADEA applies.[2]

II.  State Law Claims

Plaintiff's state law claims against WorkNet should also be dismissed without prejudice

---

[2] In light of the court's dismissal of plaintiff's ADEA claim against WorkNet based on his failure to allege WorkNet is an employer or employment agency, it declines to reach the County Defendants' argument that plaintiff also failed to exhaust his administrative remedies.

for lack of federal jurisdiction. Plaintiff's asserted basis for federal jurisdiction is the existence of a federal question arising out of his ADEA claims. ECF No. 42 at 2. With the dismissal of plaintiff's ADEA claim, the court has the discretion to either adjudicate plaintiff's remaining state law claims or dismiss them. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims . . . ."). When a court dismisses a plaintiff's federal claims on the merits, and declines to adjudicate his supplemental state law claims, "the preferable course of action is dismissal of the remaining claims without prejudice." Montazer v. SM Stoller, Inc., 363 F. App'x 460, 462 (9th Cir. 2010) (citing Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)). The court will, accordingly, recommend that the court decline to adjudicate plaintiff remaining state law claims and dismiss them without prejudice.[3]

### III. Leave to Amend

Leave to amend as to plaintiff's ADEA claim is improper in this case because plaintiff's repeated failure to state a claim and to follow the court's instructions indicates that leave to amend would be futile. Courts must grant leave to amend where justice so requires. Fed. R. Civ. P. 15(a). A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). Plaintiff has already been give one chance to amend his complaint with detailed instructions from the court.

---

[3] It goes without saying that any complaint plaintiff files in this matter or any other must assert a valid basis for federal subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.") Accordingly, if plaintiff were to file an amended complaint in this matter re-asserting his state law claims without a valid basis for federal jurisdiction the court would summarily dismiss that amended complaint *sua sponte*.

1  Nevertheless, he has submitted an amended complaint that all but mirrors his original complaint.
2  Accordingly, the court will recommend that plaintiff's ADEA claim against WorkNet be
3  dismissed without leave to amend because leave to amend would be futile.

## CONCLUSION

In light of the foregoing, THE COURT HERBY RECOMMENDS that the County Defendants' motion to dismiss, ECF No. 43, be GRANTED without leave to amend as to plaintiff's ADEA claim and without prejudice as to his state law claims, and that the action be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 21, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE